**Merrel CLINE, Plaintiff,**

**v.**

**The STATE OF MONTANA et al.,
Defendants.**

**No. CV 75–63–H.**

United States District Court,
D. Montana,
Helena Division.

June 13, 1975.

W. William Leaphart, Leaphart Law Firm, Helena, Mont., for plaintiff.

Robert Woodahl, Atty. Gen., State of Montana, Helena, Mont., for defendants.

OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

The court has heretofore ordered the entry of a judgment denying plaintiff

6. Congress has expressly provided that certain types of cases not be removable in 28 U.S.C. § 1445 (1970).

all relief. A motion to enjoin the prosecution pending an appeal to the Circuit Court has now been filed. That motion is now denied.

Lest there by any confusion about the policy of the United States District Court for the District of Montana, that policy is now stated as follows:

Delays incident to the trials of criminal cases do impair and threaten to destroy the capacity of government to enforce law. All who think on the problem are gravely concerned about it. The Judicial Conference of the United States and the Supreme Court of the United States expressed their concern at the federal level in Fed.R.Crim.P. 50(b), which mandates the speedy trial of criminal cases. Congress in the Speedy Trial Act of 1974, Pub.L.No. 93–619 (Jan. 3, 1975), expressed a similar concern.

The problem of the speedy trial [1] is no less a problem in the state courts where the great volume of criminal cases is tried. It ill behooves a federal judiciary committed to a belief in speedy trials to invent procedures which will destroy the capacity of the states to process their criminal cases in timely fashion.

All that the federal judiciary needs to do to accomplish a final disintegration of the states' ability to enforce law is to interrupt criminal proceedings in state courts while the federal judiciary, with all of its delays, appeals, and petitions, examines allegations that the state courts threaten to impair federally-protected rights.

The United States District Court for the District of Montana will not now or in the future halt for a week, a day, or an hour any criminal proceeding in a Montana court because of the inconvenience and embarrassment [2] that a particular trial causes a particular defendant. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Exceptions to this policy will be made only in cases which parallel Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).[3] This case bears no remote resemblance to *Dombrowski* on the facts.

I am authorized to say that the Honorable JAMES F. BATTIN concurs in this opinion.

---

1. I use the term "speedy trial" not in terms of the defendant's rights to such but rather in terms of society's compelling need to bring the criminal to justice while the crime is still remembered.

2. It is indeed unfortunate that any person who is innocent of a crime should be subjected to the embarrassments and strains caused by a criminal trial. Unfortunately, that is a risk that each individual living in an organized society is born to. However, it should be noted that here, and in the great majority of cases in which applications of this kind are made, persons charged with crime will not be seeking a declaration of innocence but only that some right which does not relate to guilt or innocence be vindicated. To particularize, should the court in this case forever stay the prosecution, it would not prove that the person charged with the crime is innocent—only that the prosecution has blundered.

3. In *Dombrowski* plaintiffs sought to halt threatened state criminal prosecutions under two state statutes which the plaintiffs contended on their faces violated first and fourteenth amendment rights because of overbreadth. Further, the criminal prosecutions were alleged to be conducted in bad faith as a part of a plan to deprive plaintiffs of their first amendment rights and in consequence to deprive the Negroes in Louisiana of other constitutional rights.