No. 78–719. Reproductive Services, Inc. v. Walker, Judge. Sup. Ct. Tex. Certiorari denied for want of jurisdiction.

Mr. Justice Stevens.

On June 23, 1978, the Texas Supreme Court denied petitioner's application for a writ of mandamus and dissolved its earlier order requiring discovery concerning certain patients of petitioner's abortion clinic. On July 10, 1978, Mr. Justice Brennan stayed the order of the Texas Supreme Court. On July 17, 1978, Mr. Justice Brennan vacated that stay and filed an opinion, *post*, p. 1307, stating in part:

"The question sought to be raised by applicant— whether the names of abortion patients can be obtained by discovery for use in a civil suit against a person or

clinic performing abortions where, as here, the parties have not agreed to a protective order to ensure the privacy of those patients—is a serious one. If this question were in fact presented by this case, I am of the view that four Members of this Court would vote to grant certiorari to hear it. However, this issue is not presented here. First, the order of the trial court challenged by applicant's petition for mandamus did in fact provide that the names of applicant's patients could be deleted. Second, the State of Texas has represented in its response in this Court that it is prepared to enter into a protective order which will ensure the privacy of all patients at applicant's clinics. In light of the representations of the State of Texas, there is no irreparable injury to any patient's privacy interests which would justify a stay of the order of the Supreme Court of Texas.

"Therefore, on express condition that the parties agree to a protective order ensuring the privacy of patients at applicant's clinics, the stay I entered on July 10, 1978, in these proceedings is hereby dissolved. If such a protective order is not entered, applicant may resubmit a further stay application." *Post*, at 1308–1309 (footnote omitted).

On August 21, 1978, MR. JUSTICE BRENNAN re-entered his stay because the parties had not satisfied the express condition identified in his opinion of July 17, 1978. *Post*, p. 1354.

On September 16, 1978, MR. JUSTICE POWELL granted an extension of time, until October 30, 1978, in which to file a petition for writ of certiorari. The petition for a writ of certiorari was timely filed on October 30, 1978.

Since the rationale for the Court's jurisdictional holding is unclear, and since adequate reasons for denying certiorari as a matter of discretion are disclosed by MR. JUSTICE BRENNAN's opinion of July 17, 1978, I would simply deny the petition without further explanation.