## UNITED STATES of America

v.

## William Guillermo MORALES, Defendant.

### No. 78 CR 414.

United States District Court, E. D. New York.

Nov. 21, 1978.

See also D.C., 460 F.Supp. 666.

Edward R. Korman, U. S. Atty., Brooklyn, N. Y. (Ethan Levin-Epstein, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for plaintiff.

Jesse Berman, New York City, for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

On July 21, 1978, defendant was indicted for violations of 18 U.S.C. § 844(d) and various provisions of Chapter 53 of Title 26, United States Code involving unlawful possession of firearms. A certificate of engagement and pretrial order was issued on August 2, 1978, setting the trial date as October 12, 1978. The United States filed a notice of readiness to proceed on August 3, 1978.

At the request of the defense, the October 12 trial date was adjourned *sine die* pending a determination of defendant's physical and mental competence to stand trial. The parties agreed that this period would be considered excludable delay under 18 U.S.C. § 3161(h) (the Speedy Trial Act).

The government has now moved to defer the instant federal prosecution until after the completion of the state trial of defend-

ant on Indictment No. 1807/78, issued October 13, 1978. It is argued that such a deferral is permissible under §§ 3161(h)(1)(C) and 3161(h)(8)(A) of Title 18, United States Code. Those sections provide for the exclusion of periods of delay "resulting from trials with respect to other charges against the defendant" (§ 3161(h)(1)(C)) or from a continuance granted by a judge upon a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." (§ 3161(h)(8)(A)).

*Section 3161(h)(1)(C)—"Delay Resulting from Trials with Respect to Other Charges"*

■ In *United States v. Oliver*, 523 F.2d 253, 261–62 (2d Cir. 1975), the Second Circuit held that delay in the trial of a federal case can only be excused "for the period when the defendant is actually on trial in a state court."[1] Apart from this, the pendency of state criminal proceedings does not extend the period of time in which the government must be ready to try a federal defendant unless the government shows that it has made diligent, but unsuccessful, efforts to obtain a defendant's presence for his federal trial.[2] The government has made no such showing in this case.

*Section 3161(h)(8)(A)—"Delay Resulting from a Continuance Granted [to Serve] the Ends of Justice . . . ."*

■ The thrust of the government's argument is that the grant of a continuance would be "in the interests of justice" since the heavier penalties possible under the state indictment would have a greater deterrent effect. In addition, the government, relying on § 3161(h)(8)(B)(i), argues that failure to grant such a continuance would result in a "miscarriage of justice" since a subsequent state prosecution of the defendant could be barred by §§ 40.20 and 40.30 of the New York Criminal Procedure Law.

Even assuming, arguendo, that the Criminal Procedure Law would effect such a bar, this is not the type of situation addressed by Section 3161(h)(8). The drafters of the Speedy Trial Act expressed concern about

---

1. *Oliver* involved the interpretation of Rule 5(a) of the Plan for Achieving Prompt Disposition of Criminal Cases of the Western District of New York (effective April 1, 1973). The rule provides, in pertinent part, for the exclusion of

[t]he period of delay while proceedings concerning the defendant are pending, including but not limited to . . . trial of other charges.

The current plan for this district, promulgated pursuant to F.R.Crim.P. 50(b) and effective April 1, 1973, is similar.

This plan is to be superseded by a new plan promulgated pursuant to the Speedy Trial Act and effective July 1, 1979. Section III, Paragraph 9(a)(1)(C) of the new plan is identical to 18 U.S.C. § 3161(h)(1)(C).

2. This refers to the situation where a defendant is in state custody and therefore unavailable for trial.

In *Oliver*, the defendant was being sought for trial on federal bank robbery charges in Buffalo, New York. While awaiting removal from Michigan on those charges, defendant was arrested for a subsequent bank robbery in Michigan. The federal charges stemming from the Michigan robbery were dropped and defendant taken into state custody to allow expeditious prosecution of more serious state charges, including murder. Oliver remained in state cus-

tody until he was sentenced; whereupon he was brought to Buffalo and tried on the federal charges arising from the earlier robbery.

In a separate opinion, 523 F.2d at 255–60, J. Moore based the exclusion of the Michigan custody period on Rules 5(d) and 5(f) of the Second Circuit Rules. Rule 5(d) covers a period of unavailability when "the location [of the defendant] is known but his presence cannot be obtained by due diligence." Rule 5(f) deals with "delay resulting from detention of the defendant in another jurisdiction provided the prosecuting attorney has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial." (These rules are similar to 18 U.S.C. § 3161(h)(3).)

Rules 5(d) and 5(f) are technically applicable to the case at bar since the defendant, William Morales, is now in state custody. The court in *Oliver*, 523 F.2d at 258 and n.6, recognized that while a writ of *habeas corpus ad prosequendum* may use mandatory language, its effectiveness depends on the cooperation of the jurisdiction to which it is addressed. However, the instant case is distinguishable from *Oliver* in that there has been no showing by the government of any request by the state prosecutor for a deferral of the federal trial to allow the state prosecution to go forward.

possible abuses of the continuance provision. *See* 1974 *U.S.Code Cong. & Admin. News*, pp. 7415, 7426; *see also* S.Rep.No. 1021, 93d Cong., 2d Sess. 39–41 (1974). Accordingly, they prohibited the granting of continuances for "institutional delay" such as general calendar congestion or lack of diligent preparation or failure to obtain available witnesses by the government, even though it was recognized that "any of these factors could result in what § 3161(h)(8)(b)(i) terms a 'miscarriage of justice'". *Id.*

Thus, it is evident that continuances are to be granted only in unusual circumstances. The possibility of a bar to subsequent state prosecution is properly a state concern and, in the absence of any greater showing by the government (*see* note 2 and accompanying text, *supra*), is not sufficient to warrant the grant of a continuance.

Nor is the possibility of heavier penalties under the state counts enough to justify a continuance. Section 3161(h)(8)(A) requires that for a continuance to constitute excludable delay, the court must explicitly find that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Whatever additional deterrent effect the state penalties might have in this instance is speculative at best. When balanced against the distinct possibility of delay in any state trial (*Oliver, supra* at 261), it is clear that the interests of the public and the defendant in a speedy trial of the federal charges must prevail.

The motion is denied. So ordered.