**UNITED STATES of America, Appellee,**

v.

**Walter L. GOODWIN, Appellant.**

**No. 79–1825.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1980.

Decided Jan. 22, 1980.

Rehearing Denied Feb. 11, 1980.

William J. Riedmann, Riedmann & Kruger, Omaha, Neb., for appellant.

Thomas D. Thalken, Asst. U. S. Atty., Omaha, Neb., for appellee; Edward G. Warin, U. S. Atty., Omaha, Neb., on the brief.

Before STEPHENSON and McMILLIAN, Circuit Judges, and THOMAS,* Senior District Judge.

---

\* The Honorable Daniel H. Thomas, Senior United States District Judge, Southern District of Alabama, sitting by designation.

1. Goodwin was sentenced to five years followed by a six-year special parole term.

PER CURIAM.

Defendant-appellant Walter L. Goodwin appeals from his conviction by a jury of knowingly and intentionally distributing heroin.[1] We affirm the district court.[2]

Goodwin argues that (1) there was insufficient evidence to support his conviction, (2) his Sixth Amendment right to a speedy trial was violated, and (3) his sentence was excessive.

We shall first examine the evidence. A government informer, Robert Howard, initially made contact with Billy Booth, an employee of a hotel in Omaha, Nebraska. Booth told Howard that Booth could obtain heroin for him.

The testimony established that Booth contacted Stanley Poe, Booth's brother-in-law, at Goodwin's home. Poe and Goodwin came to the hotel, and Goodwin handed the aluminum foil packets of heroin to Booth. Booth introduced Poe and Goodwin to Howard as the suppliers of the heroin.

There followed a discussion as to the quantity and quality of the heroin with Goodwin doing much of the talking. Howard testified at trial that he gave Booth $100 and that he saw Goodwin pass the aluminum foil packets to Booth.

Another transaction with a second informer took place later; only Booth, not Goodwin, was present. However, Booth gave the second informer Goodwin's telephone number for further transactions.

Goodwin was charged as an aider and abettor, and there is no dispute that the jury was properly instructed in that regard. There was sufficient evidence to support the jury's verdict. *See United States v. Wisdom,* 534 F.2d 1306, 1309 (8th Cir. 1976) (standard of review).

Goodwin's second claim on appeal, that he was denied his right to a speedy

---

2. The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska.

trial, is without merit. Initially, Goodwin did not raise his Sixth Amendment claim before the trial court, and it should not be considered on appeal. *United States v. Librach,* 536 F.2d 1228, 1231 (8th Cir.), *cert. denied,* 429 U.S. 939, 97 S.Ct. 354, 50 L.Ed.2d 308 (1976). Further, Goodwin was arraigned on April 3, 1979; his trial commenced eighty-six days later, on June 29, 1979. 18 U.S.C. § 3161(g) provides that for cases commencing between July 1, 1978, and July 1, 1979, the time limit with respect to the period between arraignment and trial shall be eighty days. 18 U.S.C. § 3161(h)(1) provides that any period of delay resulting from other proceedings concerning the defendant shall be excluded in computing the time within which the trial must commence. During the time period in question Goodwin was in the custody of the Omaha police from June 23, 1979, to July 5, 1979, awaiting trial with respect to armed robbery charges against him. Thus, there was no violation of defendant's right to a speedy trial.

Goodwin's final claim is that the trial court abused its discretion in imposing sentence. The sentence imposed, *see* note 1 *infra,* is clearly within the statutory limits, 21 U.S.C. § 841(b)(1)(A), and we shall not disturb the sentence on appeal.[3] *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

We affirm the district court in all respects.

---

3. The instant conviction was Goodwin's second narcotics conviction in four years.