UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Daniel BIGLER,
Defendant-Appellant.

No. 86–1204.

United States Court of Appeals,
Fifth Circuit.

Feb. 12, 1987.

Edith H. Jones, Circuit Judge, dissented and filed opinion.

Brantley Pringle, (Court-appointed), Fort Worth, Tex., for defendant-appellant.

Jimmy L. Tallant, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The Speedy Trial Act requires that the trial of a defendant charged with a crime begin within seventy days from the date of indictment or first appearance of the defendant before a judicial officer, whichever date is later. The Act also assures the defendant thirty days from his first appearance with counsel to prepare for trial. This case raises an issue about the thirty-day trial preparation provision: whether the failure of the government to seek the appointment of counsel in time to permit the defendant thirty days to prepare with counsel for trial, when the trial itself is already scheduled for a date beyond the seventy-day limit, is a denial of the defendant's speedy-trial right. We hold that it is.

I.

Robert Daniel Bigler was arrested on December 4, 1984, by Texas state law enforcement officers and charged in five indictments with aggravated robbery with a deadly weapon. While still in state custo-

dy, he was charged in a federal complaint with robbing Colonial Savings and Loan Association of Fort Worth, an association insured by the Federal Savings and Loan Insurance Corporation, in violation of 18 U.S.C. § 2113(a). He was indicted by the federal government on January 8, 1985, on charges of robbing six savings and loan associations insured by the FSLIC.

Both the state and federal charges arose out of the same criminal episode. Michael P. Haskell was appointed to represent Bigler on the state charges. While awaiting the state trial, Haskell attempted to negotiate a plea agreement on the federal charges with the U.S. Attorney. Bigler, however, remained in state custody, awaiting the disposition of the state charges, until August 23, when he was brought before a United States Magistrate at Fort Worth. At that time, Haskell volunteered to serve as Bigler's attorney in federal court and was duly appointed. Bigler was then arraigned on the federal charges and, on the same day, appeared before the U.S. district court where he pleaded guilty to two counts of the federal indictment.

Sentencing was set for September 20, but on September 6 Bigler filed a motion pro se seeking to withdraw his guilty plea on the ground that the indictment charged him with the use of a firearm and that, because he had not used a firearm, he was not guilty of the offense charged. On September 20, the district court granted Bigler's motion and remanded him to state custody for disposition of the state charges. Six days later, Haskell, having been permitted to withdraw as Bigler's counsel in state court, also sought to be relieved from his federal appointment. The federal court granted the motion. No action was taken to appoint new counsel to represent Bigler on the federal charges, nor did Bigler seek such representation.

On November 27, Bigler pleaded guilty to three of the five state indictments and was sentenced to a term of fifteen years in the Texas Department of Corrections. Although, on December 2, the Texas prosecuting attorney wrote the U.S. Attorney saying that the state trial had been completed, Bigler remained in state custody and was sent to the Texas State Penitentiary. On January 7, 1986, the United States filed a motion for a writ of habeas corpus ad prosequendum. On the same day, the federal district court ordered Bigler returned from the Texas Penitentiary for trial of his federal charges. He was delivered into the custody of federal officials on January 29 and immediately appeared before a federal magistrate. On January 31, Miteo Mitleff was appointed to represent Bigler. Bigler was then arraigned and pleaded not guilty. Trial had been set for March 3, but Mitleff could not be present on that date. The district court, therefore, informed Bigler that he could either ask for a continuance or accept another court-appointed lawyer and go to trial on March 3. Bigler replied, "I'd just as soon go on March the 3rd. That will be fine."

On February 3, Bigler returned to federal court and was informed by the court that it would appoint Brantley Pringle as Bigler's attorney and that Pringle had stated "that he [could] be ready to try your case on March the 3rd." Pringle, who was present, confirmed that he would be ready. Referring to the Speedy Trial Act, the court then said that, deducting the time excluded from the seventy-day requirement, March 3 would allow only twenty-nine days for preparation, and asked Bigler, "Do you mind waiving the 30 days?" The discussion between the court and Pringle continued. It included this colloquy:

THE COURT: All right. Do you all want to start on March the 3rd or March the 5th?

MR. PRINGLE: March 5th, he says. Your Honor, I have not had a chance to look at this jacket yet and I'm not able to answer except on his suggestion, and he says March the 5th, if that will be convenient for the Court.

THE COURT: All right. Now, I'm not sure he is entitled to that 30 days. But if he is, we will make it March the 5th; otherwise it will be March the 3rd.

MR. PRINGLE: Yes, Sir.

THE COURT: What about that, Jimmy? MR. TALLANT [Assistant U.S. Attorney]: Your Honor, it's a strange situation, but you probably should give him his 30 days.

Bigler, however, did not expressly ask for a continuance to allow thirty days for trial preparation.

On February 14, 1986, Pringle filed a motion to dismiss the charges because of denial of a speedy trial, relying on the fact that he had been indicted in January 1985 and had yet to stand trial. The district court did not act on this motion until after the scheduled trial date.

On the scheduled trial date, Bigler was rearraigned and entered a plea of guilty to two counts of the federal indictment, reserving his right to appeal his motion to dismiss. The district court sentenced him to twenty years, without credit for the time during which he had been imprisoned by the state. On the same day, March 24, the district court also denied Bigler's motion to dismiss.

## II.

The Speedy Trial Act,[1] requires that, in any case in which a plea of not guilty is entered, the trial shall commence within seventy days from the day the indictment is filed or the defendant appears before a judicial officer, whichever date last occurs.[2] It also provides that, if the trial does not commence within the seventy-day period because the defendant had entered a plea of guilty and this plea had been later withdrawn, "the defendant shall be deemed indicted ... on the day the order permitting withdrawal of the plea becomes final."[3] The Act provides further that, "unless the defendant consents in writing to the con-

trary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to appear pro se."[4] Congress enacted the thirty-day trial preparation provision to "assure the defendant some minimal time to prepare" and to "more fully [protect] basic due process rights."[5]

The Speedy Trial Act permits certain periods to be excluded in computing the time within which the trial must begin.[6] These include "delay resulting from trial with respect to other charges against the defendant,"[7] delay "resulting from any pretrial motion,"[8] and "delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."[9]

For purposes of the Speedy Trial Act, Bigler is deemed to have been indicted on September 20, when he withdrew his guilty plea, and we start the seventy-day countdown on that date. Between September 20 and March 5, the day the trial commenced, 166 calendar days elapsed.

Bigler and the government offer differing interpretations of how many of those 166 calendar days are excludable for purposes of calculating whether Bigler's speedy-trial right has been denied. Bigler contends that, even under the most lenient interpretation of the time-exclusion provisions contained in the Act, the government is entitled only to exclude at most: (1) the 68 calendar days between September 20

1. 18 U.S.C. § 3161, et seq.

2. 18 U.S.C. § 3161(c)(1).

3. 18 U.S.C. § 3161(i).

4. 18 U.S.C. § 3161(c)(2).

5. S.Rep. No. 96–212, 96th Cong., 1st Sess. 32 (1979), U.S.Code Cong. & Admin.News 1979, p. 805.

6. 18 U.S.C. § 3161(h).

7. 18 U.S.C. § 3161(h)(1)(D).

8. 18 U.S.C. § 3161(h)(1)(F).

9. 18 U.S.C. § 3161(h)(8)(A).

and the date he was sentenced by the state court, November 27, and (2) the 19 calendar days between the time he filed his motion for dismissal of the indictment on February 14 and the date the trial began without that motion having been ruled upon. Although he does not concede that the government actually is entitled to those entire periods, he argues that, even if it were, 79 non-excludable days would have elapsed.

The government contends that it is entitled to exclude all of the time during which Bigler's state charges were pending and all of the time that his motion for dismissal was under court consideration. In addition, the government argues, it is entitled to exclude the thirty days between February 3 and March 5 because Bigler refused to relinquish any of the preparation time to which he was entitled under the Act and, therefore, caused the trial date to be continued from March 3 to March 5. Because the period of exclusion the government attributes to Bigler's request for a continuance encompasses the period in which Bigler's motion to dismiss was pending, the government's model of excludable time includes only eleven more excludable days than Bigler's. These eleven days, however, would reduce the number of nonexcludable days to 68 and, therefore, bring the trial date within the limitation period.

### A.

Section 3161(h)(1)(D) of the Act states that the period "resulting from trial" of other charges against the defendant must be excluded. "Other charges" includes state charges,[10] but the statutory language leaves doubt whether this phrase excludes only the time required for the actual trial or the entire time a defendant is in state custody awaiting the disposition of the state charges against him.

■ While the trial-time-only thesis has some support,[11] its source is a concurring opinion of Judge J. Edward Lumbard of the Second Circuit Court of Appeals in *United States v. Oliver*,[12] which predates the Speedy Trial Act and interprets the rules of the Second Circuit then in force regarding prompt disposition of criminal cases. Attempts to apply Judge Lumbard's reasoning to the Speedy Trial Act have, therefore, been rejected by at least four other circuits, the District of Columbia, Eighth, Ninth, and Eleventh.[13] As the Ninth Circuit said, in *Lopez-Espindola*, the statute "does not limit the time to only that period during which the defendant is in court for jury selection, testimony of witnesses, arguments to the jury, return of verdict, etc." The term "delay resulting from trial" includes the period of time utilized in making necessary preparation for trial." While the federal prosecutor is required to exercise "a reasonable scrutiny over the progress of the state court proceedings," a federal court should interfere with the state court "only in exceptional cases."[14] The federal trial judge, therefore, has discretion to include all of the time spent in state custody because of state proceedings.[15] Any other approach would require the federal prosecution to monitor the state proceedings "and to keep the district court informed of how expeditiously" they were being conducted.

**10.** *See, e.g., United States v. Goodwin,* 612 F.2d 1103, 1105 (8th Cir.), *cert. denied,* 446 U.S. 986, 100 S.Ct. 2971, 64 L.Ed.2d 844 (1980); *United States v. Allsup,* 573 F.2d 1141, 1144 (9th Cir.), *cert. denied,* 436 U.S. 961, 98 S.Ct. 3081, 57 L.Ed.2d 1128 (1978).

**11.** *United States v. Morales,* 460 F.Supp. 668 (E.D.N.Y.1978); *United States v. Oliver,* 523 F.2d 253 (2d Cir.1975).

**12.** *United States v. Oliver,* 523 F.2d 253, 260 (2d Cir.1975) (Lumbard, J., concurring).

**13.** *United States v. Goodwin,* 612 F.2d 1103 (8th Cir.1980); *United States v. Lopez-Espindola,* 632 F.2d 107 (9th Cir.1980); *United States v. Garrett,* 720 F.2d 705, 710–11 (D.C.Cir.1983), *cert. denied,* 465 U.S. 1037, 104 S.Ct. 1311, 79 L.Ed.2d 708 (1984); *United States v. Rodriguez-Franco,* 749 F.2d 1555, 1558–59 (11th Cir.1985). *See also United States v. Allsup,* 573 F.2d 1141 (9th Cir.), *cert. denied,* 436 U.S. 961, 98 S.Ct. 3081, 57 L.Ed.2d 1128 (1978).

**14.** 632 F.2d at 111.

**15.** *Id.,* 632 F.2d at 110.

Bigler was returned to the custody of Texas on September 20, immediately after he was permitted to withdraw his plea of guilty to the federal charges against him. He then pleaded guilty to the state charges pending against him and was sentenced by the state court on November 27. None of this time, 68 days, is counted against the seventy-day limit.

## B.

The government contends that the entire period that the motion to dismiss was pending should be excluded. The Act states, however, only that "delay resulting from [a] pretrial motion" is excludable. The government offers no reason why Bigler's Speedy-Trial-Act motion caused any delay in trial, or, in the language of the statute, why there was any delay "resulting from" the motion. The trial date had been set for March 5 before the motion was filed, and the trial was not postponed for purposes of disposing of the issues Bigler raised. In fact, the conditional plea was accepted before the district court actually ruled on the motion.

## C.

■ Because it is of little consequence in this case whether the government is entitled to exclusion of the period during which Bigler's motion was pending, we pretermit deciding that question. Even if we were to exclude those nineteen days, in addition to the 68–day exclusion to which the government is entitled during the pendency of Bigler's state charges, 79 non-excludable days remain. The government argues, therefore, that we should also exclude the entire thirty-day period of trial preparation time Bigler was granted and refused to waive when Pringle, his current counsel, was appointed on February 3. Relying on this court's decision in *United States v. Eakes*,[16] the government argues that Bigler cannot use the Act as a two-edged sword by insisting on his supposed right to have thirty days in which his newly ap-

pointed counsel may prepare for trial and then complaining that the resulting delay denied him a speedy trial. The government asserts that Bigler himself caused his trial to be delayed from March 3 to March 5 because he was unwilling to sacrifice "even a single day" (or as it was in fact, two days) of his thirty-day period. The government's argument must fail for several reasons.

In *Eakes*, the defendants had been represented by counsel for more than thirty days and scheduled for trial within the seventy-day time limitation when, one week before the original trial was scheduled to begin, the district court granted a motion of Eakes' co-defendant to consolidate the three indictments containing charges against both the co-defendant and Eakes. The resulting superseding indictment charged Eakes with substantially the same crimes as had the preceding indictments, but the trial court erroneously concluded that, under the Speedy Trial Act, Eakes and his co-defendant were automatically entitled to an additional thirty-day preparation period. Both Eakes and his co-defendant refused to waive their supposed rights, and a continuance was granted upon the court's own motion. A new trial date was set to accommodate the needs of the defendants' counsel. Thereafter, shortly before the trial was to commence and after the seventy days from indictment had elapsed, Eakes filed a motion asking that the indictment against him be dismissed on the grounds that the trial court had erroneously continued his trial on its own motion and that the extension period was not properly excludable under the Act. We refused to allow Eakes to "turn the benefits he accepted into an error that would undo his conviction...."[17] Our decision in *Eakes*, then, relied upon an estoppel: Eakes had misled the government to its detriment.

Bigler's case is substantially different. Unlike Eakes, Bigler had neither waived his right to counsel nor received appointed counsel who could represent him at trial

---

**16.** 783 F.2d 499 (5th Cir.1986).

**17.** *Id.,* 783 F.2d at 503.

until February 3, 28 days before the scheduled trial date. Only then was Bigler informed that he was entitled to have thirty days in which his new counsel could prepare his defense, and only then did he agree to accept the option of appearing for trial on March 5. The position taken by the government before the district court and upon this appeal, that Bigler's appearance with his newly appointed counsel, Pringle, on February 3 was a "first appearance with counsel" within the meaning of the Act, is correct. Moreover, the government has never contended that the tardy appointment of defense counsel is attributable to any attempt by Bigler to abuse the thirty-day privilege.

We are, of course, not unmindful of the Supreme Court's holding in *United States v. Rojas-Contreras*.[18] The Court there decided that arraignment under a superseding indictment without dismissal of the original indictment does not automatically entitle a defendant to a new thirty-day preparation period.[19] Although the superseding indictment was identical to the original indictment in all respects material to the preparation of an adequate defense, the Court's ruling did not turn upon that fact. The Court noted that the result under the Act would be the same even if the superseding indictment alleged new crimes and that the defendant's remedy, if the issuance of a new indictment prejudiced his defense, was a request for a continuance to advance the "ends of justice," as authorized by § 3161(h)(8).[20]

The Court noted that the purpose of the statutory rule clearly was to ensure that "a defendant be given a preparation period of at least 30 days."[21] It emphasized the fact that Rojas-Contreras' lawyer in fact had more than thirty days within which to prepare and that he was clearly not prejudiced.[22] Not until February 3, when Prin-

gle was appointed, did Bigler effectively appear with counsel in anticipation of a trial. Not until then was preparation for his defense possible in any meaningful manner.

### III.

Under the terms of the Speedy Trial Act, defendants are entitled both to a thirty-day preparation period and to a trial within the seventy-day time limitation. *Eakes* does not vitiate either of those rights. The government's contention that Bigler's entire thirty-day preparation period must be excluded because he refused to forfeit "even a single day" of the preparation period in order to appear on March 3, effectively argues that defendants must forfeit one or the other of their entitlements under the Act simply because the government failed timely to seek the appointment of counsel. In *Eakes*, we determined that the defendant had not been entitled to an *additional* thirty-day preparation period and that the district court's determination that a 18 U.S.C. § 3161(h)(3) continuance would best serve "the ends of justice"[23] was not clearly erroneous in the light of the fact that the defendants' refusal to waive additional preparation time indicated that they were unprepared for trial. In fact, the trial court in *Eakes* had first suggested that an earlier trial date be set, on a date within the seventy-day limitation.

Even if Bigler's trial had been begun on March 3, it would have been late, for that date would have been beyond the seventy-day limit. Excluding the sixty-eight days Bigler awaited state trial, ninety-six days would have elapsed by March 3. Even if the nineteen days during which the motion to dismiss was pending were excluded, seventy-seven days would have elapsed. The delay caused by Bigler's insistence upon

**18.** 474 U.S. 231, ——, 106 S.Ct. 555, 557, 88 L.Ed.2d 537 (1985).

**19.** *Id.*, 474 U.S. at ——, 106 S.Ct. at 557.

**20.** *Id.*, 474 U.S. at ——, 106 S.Ct. at 558. *See also Id.*, 474 U.S. at ——, 106 S.Ct. at 559–60 (Blackmun, J., concurring).

**21.** *Id.*, 474 U.S. at ——, 106 S.Ct. at 558.

**22.** *Id.*

**23.** *Eakes*, 783 F.2d at 503.

his rights—unlike Eakes' insistence on what was erroneously believed to be his right—amounted to only two days and was not the cause of the delay that denied him a speedy trial. Should Bigler's request to go on trial on March 5 instead of March 3 be construed as a motion for a continuance under § 3161(h)(8), the delay "resulting" from the continuance would be only two days.

In the alternative, the government contends that January 29, 1986, should be considered the starting date of the seventy-day limitation period because the federal government had accepted Bigler's August 23, 1985, plea of guilty only as an accommodation to the defendant. Therefore, the government contends, the fact that the statute started the seventy-day clock when Bigler withdrew his guilty plea on September 20 should not be permitted to disadvantage the government. The government concedes that it has found no authority to support this position, and we decline to adopt it. By accepting a negotiated guilty plea of a person charged with felony offenses, the government is not "merely accommodating" the defendant. Absent benefits to the public interest and the interests of justice, the government should not enter into plea bargains.

## IV.

The real cause of delay in this case was the government's failure to seek in a timely fashion Bigler's return to federal custody and the appointment of counsel for him. By failing to do so, the government has neglected both the general requirement that it act diligently to meet the seventy-day limit and the specific requirement that the government act "promptly" either to obtain the presence for trial of a prisoner known to be incarcerated in a penal institution or to "cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial." [24] The government filed no such detainer and has offered no explanation why it took over two months after the state proceedings against Bigler had been completed to bring him before a magistrate for appointment of counsel. Although circumstances may arise in which such delay is warranted, the provisions of the Speedy Trial Act indicate that neither general congestion of the court's calendar,[25] lack of diligence on the part of a United States attorney,[26] nor unreasonable delay in transportation of the defendant between institutions [27] provides sufficient reason for delay. In circumstances in which reasonable delay cannot be avoided, the Act provides for excludable continuances—upon the motion of the defendant, the state, or the court—that serve "the ends of justice." [28] Unless, however, the trial court independently recognizes the need for such a delay, the burden of seeking such relief falls upon the party seeking to benefit from the delay. Any such continuance must be accompanied by a district court finding that it is justified.[29] No such finding was made.

The sanction for failure to comply with the provisions of the Speedy Trial Act is dismissal of the indictment with or without prejudice.[30] "In determining whether to dismiss the case with or without prejudice, the court shall consider among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the adminis-

---

24. 18 U.S.C. § 3161(j)(1).

25. 18 U.S.C. § 3161(h)(8)(C); *see also United States v. Didier,* 542 F.2d 1182 (2d Cir.1976).

26. *Id.*

27. *Cf.* 18 U.S.C. § 3161(h)(1)(H).

28. 18 U.S.C. § 3161(h)(8).

29. *Id.; see also United States v. Wentland,* 582 F.2d 1022 (5th Cir.), *cert. denied,* 439 U.S. 1133, 99 S.Ct. 1056, 59 L.Ed.2d 96 (1978); *United States v. Perez-Reveles,* 715 F.2d 1348 (9th Cir. 1983); *United States v. Brooks,* 697 F.2d 517 (3d Cir.), *cert. denied,* 460 U.S. 1071, 1073, 103 S.Ct. 1526, 1531, 75 L.Ed.2d 949, 952 (1982).

30. 18 U.S.C. § 3162(a)(2).

tration of justice." [31] The dismissal of Bigler's indictment for violation of his right to a speedy trial does not necessarily mean that any crimes Bigler committed will go unpunished. The offenses with which Bigler is charged are indeed serious. If, on remand, the district court determines that the circumstances that led to the delay and the impact of reprosecution on administration of the Act and on the attainment of justice are not such that reindictment would offend notions of fair play, it may permit reindictment. The cost imposed on the government for negligence or simple error in a case such as this has been dictated by Congress. By forcing the government to account for its short-comings in this case, we ensure that the policies underlying the Speedy Trial Act are not circumvented by its failure to pay due diligence to the rights of indigent defendants.

## V.

Because we find that the defendant's right to a speedy trial has been violated and that the indictment against him must be dismissed, it is unnecessary for us to consider the defendant's challenges to the sentence he received by virtue of his conviction under that indictment. The judgment of the district court is, therefore, REVERSED, and the case is REMANDED to the district court to enter a judgment of dismissal after determining whether the circumstances that led to the delay require dismissal with or without prejudice.

EDITH H. JONES, Circuit Judge, dissenting:

With all due respect to the considered opinion of the majority, I dissent, because I believe this case is controlled by our prior holding in *United States v. Eakes*, 783 F.2d 499 (5th Cir.1986), *cert. denied,* — U.S. ——, 106 S.Ct. 3277, 91 L.Ed.2d 567 (1986). The majority have, as *Eakes* put it, adopted

a "hypertechnical interpretation" of the Speedy Trial Act, which puts a premium on the use of "magic words" by a district court that extends a criminal trial date for the best of reasons. Alternatively, I believe Bigler was tried within the Act's 70-day limitation.

The majority seek to distinguish *Eakes* by characterizing the defendants there as having misled the government to its detriment. By contrast, Bigler is portrayed in the majority opinion as merely insisting upon his statutory right to obtain a 30-day trial preparation with appointed counsel. In my view, *Eakes* was neither so blameworthy, nor Bigler so victimized as the majority opinion suggests, leading one to conclude that the relative equities in their cases coalesce.

That Bigler did not have counsel within 40 nonexcludable days of the conclusion of the state proceedings is due to one fact: the government's cooperation with his former counsel in entering a guilty plea prior to the state trial on bank robbery charges. Bigler obviously thought such a plea would work to his advantage in the state trial. At that point, August 23, Bigler was arraigned in federal court. For reasons unknown, he decided in early September, while still represented by counsel, to withdraw the guilty plea in federal court, and that withdrawal triggered the operation of the Speedy Trial Act. 18 U.S.C. § 3161(i). The Speedy Trial clock immediately stopped, however, from September 20, while Bigler underwent state criminal prosecution, until November 27, when he was sentenced in state court. (Bigler's first federal court counsel withdrew while the state proceedings were under way.) [1] The clock then recommenced while the federal government was in the process of acquiring custody of Bigler through filing a notice of detainer and motion for habeas corpus ad prosequendum. Twenty-one

---

**31.** *Id.*

**1.** The reasons given for withdrawal by Bigler's attorney had to do with Bigler's conduct:

[T]here are unresolvable conflicts existing between undersigned counsel and defendant

due to the defendant's false and misleading statements to the Court [in connection with the motion to withdraw guilty plea] and the defendant's unwillingness to follow the advice and counseling of his attorney.

days vital to calculation of the 70–day Speedy Trial Act limit (January 7–29) were consumed in securing Bigler from state custody. Bigler promptly appeared before a federal magistrate and was appointed a new counsel on January 31. Had Bigler not sought the cooperation of federal authorities in August, the Speedy Trial Act would not even have commenced to run until after the conclusion of the state proceedings and after the federal authorities regained Bigler's custody on January 29.[2] No opprobrium would attach had federal authorities awaited the outcome of state court efforts in this manner.

To acknowledge the actual sequence of events is not to acquiesce in the government's position that the Speedy Trial Act should commence on January 29 but, rather, to clarify that, contrary to the majority conclusion, Bigler was not deprived of counsel for two months of the Speedy Trial Act calendar by any intentional dereliction of the government.[3] He directly benefited from cooperating with the government in August. He also obtained the statutorily guaranteed 30 days trial preparation time.

Like *Eakes*, Bigler was not harmed by the procedural situation in which he found himself. This Court concluded in *Eakes* that the extension of time granted to the defense, although not statutorily required, was consonant with § 3161(h)(8)(A–C) to serve the "ends of justice" where the court believed that defense counsel needed additional time to prepare for trial. The majority here never explained why the trial court's conclusion that Bigler's counsel needed 30 days trial preparation time is not completely harmonious with the grant of a continuance under § 3161(h)(8)(A–C). Al-

though neither Eakes' nor Bigler's trial court articulated its findings for purposes of this provision, *Eakes* held that "[w]e decline to apply a hypertechnical construction to the language of the Act in this case where the judge clearly granted the continuance for the benefit of and at the indirect request of the defendant who now complains of that grant." 783 F.2d at 504. *Eakes* did not require the invocation of magic words relating to the "ends of justice," probably because the statute explicitly permits a continuance when "the failure to grant such a continuance ... would deny counsel for the defendant ... the reasonable time necessary for effective preparation...." § 3161(h)(8)(B)(iv). I find *Eakes* controlling.

The applicability of *Eakes* to this case is further strengthened by the Guidelines for Administration of the Speedy Trial Act, as Amended (1983), promulgated by the Committee on Administration of the Criminal Law under the auspices of the Judicial Conference of the United States. Discussing § 3161(c)(2), which mandates no less than 30 days trial preparation time with counsel, the Committee states:

> Finally, the Committee notes the possibility that some defendants will not succeed in obtaining counsel in the first 40 days following indictment or initial appearance, so that they cannot be brought to trial within the first 70 days. In such case, it is clearly appropriate under § 3161(h)(8)(B)(iv) to make use of excludable time to extend the 70–day time limit for trial.

Committee Guidelines, at 13.

The majority opinion, in observing that the district court made "no finding" that

---

**2.** The Government's attorney who participated in Bigler's August 23 guilty plea had this to say of Bigler's appearance:

> [H]e [Bigler] came in here [to federal court] on his own, not at the government's request, but on his own request to enter a plea of guilty before that state trial because he thought it would be to his benefit to be sentenced in federal court before he's tried and sentenced in state court.

Thus, contrary to the majority's opinion that the Government's misconduct caused the Speedy Trial Act calendar to expire, it is obvious that it

was the Government's attempts to cooperate with Bigler and satisfy his requests that caused the running of the Act.

**3.** Indeed, testimony at Bigler's speedy trial hearing showed he never desired a speedy trial. [Bigler's avowed goal was to be sent to a federal prison.] His first federal court appointed attorney revealed that Bigler wanted to "string it [the federal proceedings] out as long as he could" and that Bigler "didn't want a speedy trial." "He wanted to let this thing languish as long as he could...."

Bigler's 30–day delay for counsel preparation was justified, therefore conflicts with *Eakes*, with the Judicial Conference Committee Guidelines in general use in the district courts, and with the common-sense proposition that 30 days is a fair interval for new counsel to acquaint himself with a criminal case involving multiple bank robberies. The colloquy among Bigler, the court and counsel for both parties on January 31 and February 3 recognized this necessity.

The majority observed that *Eakes*, based on its facts, vitiated neither the defendant's right to a trial within 70 days nor his right to a 30–day trial preparation, both of which are embodied in the Speedy Trial Act. § 3161(c)(1) and (2). A first glance might suggest that these aims of the Act potentially collide, and the majority indeed draw that conclusion. I find no collision, because the Act does not require counsel to be appointed within the first 40–nonexcludable days. By allowing the court *sua sponte* to grant continuances for trial preparation if the demands of justice outweigh the goals of a speedy trial, the statute dissolves any likelihood of outright conflict. § 3161(h)(8)(B)(iv). The Judicial Conference Committee has agreed. This does not imply that the government or defendants may deliberately delay in obtaining or changing counsel. Committee Guidelines, at 11–12. In the absence of facts demonstrating such manipulation, however, the court's grant of a continuance for defense counsel to prepare adequately should not lightly be reversed. There was no evidence before the trial court suggesting malfeasance by the government.

Even if the 30–day continuance for trial preparation is not excludable, I believe Bigler was tried within the time limits of the Act. As the Majority find, and I agree, 68 of the 166 pretrial days that elapsed must be excluded while Bigler was in state custody. § 3161(h)(1)(D). I further agree with the majority's decision to pretermit, as unnecessary, discussion concerning whether an additional 19 days must be excluded because of the pendency of Bigler's pretrial motion to dismiss the indictment.

§ 3161(h)(1)(F); *see United States v. Robertson*, 810 F.2d 254 (D.C.Cir.1987). As the majority have noted, this leaves 79 non-excludable days between Bigler's withdrawal of his guilty plea and the trial date.

What the parties and the majority have overlooked is that pursuant to § 3161(h)(1)(H) an additional ten days must be excluded during which Bigler was being transported from Huntsville in the Eastern District of Texas to Fort Worth in the Northern District of Texas for trial. Subsection 3161(h)(1)(H) excludes "delay resulting from transportation of any defendant from another district, ... except that any time consumed in excess of ten days ... shall be presumed to be unreasonable." There have been few reported decisions interpreting the scope of this section of the Speedy Trial Act. Nevertheless, in *United States v. Robertson supra*, and in *United States v. Greene*, 783 F.2d 1364 (9th Cir. 1986), *cert. denied*, — U.S. —, 106 S.Ct. 2923, 91 L.Ed.2d 551 (1986), the courts have excluded ten days for travel time of a defendant who was being transferred between districts. Thus, Bigler was tried on the 69th non-excludable day under the Speedy Trial Act. In the interest of justice, we can and should apply this additional exclusion for the government's benefit. Bigler's conviction should be affirmed.