EMILIO M. GARZA, Circuit Judge,
concurring specially:
I concur with the judgment of the court and its opinion except the reasoning of Part II. I agree with the majority’s conclusion that Storm was not prejudiced by the timing of his trial and therefore has not met the prejudice requirement of United States v. Marroquin, 885 F.2d 1240, 1245 (5th Cir.1989), cert. denied, 494 U.S. 1079, 110 S.Ct. 1807, 108 L.Ed.2d 938 (1990). Consequently, the issue of whether Storm first appeared through counsel on February 12 or 19 is unnecessary to the outcome of this case. Because the majority does discuss the meaning of “first appears through counsel,” I concur specially.
The majority’s rather flexible interpretation of “first appears through counsel” essentially reads into § 3161(c)(2) a qualitative limitation on “appears.” Not only must counsel appear on a defendant’s behalf, but he must also appear without a potential conflict of interest. If he appears with a potential conflict of interest, and that conflict materializes, the 30-day clock will be reset when new counsel appears (unless of course that counsel also has a potential conflict of interest). The majority’s “without a conflict of interest” limitation on the language of the Speedy Trial Act is based on neither the plain meaning of the statute nor its legislative history.
Furthermore, the majority unnecessarily extends the reasoning of United States v. *1298 Daly, 716 F.2d 1499 (9th Cir.1983), cert. dismissed, 465 U.S. 1075, 104 S.Ct. 1456, 79 L.Ed.2d 773 (1984), and United States v. Bigler, 810 F.2d 1317 (5th Cir.), cert. denied, 484 U.S. 842, 108 S.Ct. 130, 98 L.Ed.2d 88 (1987), to the facts of this case. In Daly, the Ninth Circuit held that the 30-day clock of § 3161(c)(2) did not start to run when the defendant appeared with counsel explicitly appointed to represent him only at his bail hearing. 716 F.2d at 1505. In this case, Nelson’s appearance, was not similarly limited. Nelson appeared on Storm’s behalf before the magistrate on February 4, and Nelson later appeared on Storm’s behalf at his February 12 arraignment. Nelson then ceased to represent Storm on February 19 when the court found his dual representation of Storm and Christianson to involve a conflict of interest.[1]
If resolution of the question whether Storm first appeared through counsel on February 12 or 19 were necessary to the outcome of this case, United States v. Darby, 744 F.2d 1508 (11th Cir.1984), cert. denied, 471 U.S. 1100, 105 S.Ct. 2322, 85 L.Ed.2d 841 (1985), would be the most analogous precedent. In Darby, the Eleventh Circuit held that the defendant first appeared through counsel at his arraignment even though the attorney who represented him at the arraignment later withdrew due to a conflict of interest. Id. at 1519-21. The court expressly rejected the reasoning of the Ninth Circuit in Daly as inconsistent with the plain meaning-of § 3161(c)(2), id. at 1520, but it also distinguished the case on factual grounds, noting that the attorney in Daly filed an expressly limited special appearance, while the defendant in Darby filed a general appearance. Id. at 1520-21 n. 5.[2] See also United States v. Moya-Gomez, 860 F.2d 706, 742 n. 30 (7th Cir.1988) (even under the Daly approach, “the thirty-day preparation period begins to run once counsel enters a general appearance on the defendant’s behalf’), cert. denied, 492 U.S. 908, 109 S.Ct. 3221, 106 L.Ed.2d 571 (1989). In this case, Storm appeared through Nelson at his arraignment, although there was a potential conflict of interest to be determined at á later date. This case therefore most closely resembles Darby.
For the foregoing reasons, I do not join either the majority’s interpretation of § 3161(e)(2) or its application of that interpretation to the facts of this case.

. Our decision in Bigler does not control this case for two reasons. First, Bigler involved an alleged violation of 18 U.S.C. § 3161(c)(1), and the question was whether the defendant was tried within the 70-day period provided by that section. 810 F.2d at 1319. Second, the outcome of our interpretation of whether Bigler's appearance with his first appointed counsel was his "first appearance through counsel” under § 3161(c)(2) was irrelevant because the timing of his trial violated the Speedy Trial Act either way. Id. at 1322. Consequently our discussion of the meaning of "first appears through counsel” was dicta.

. The defendant in Daly tried to characterize his first counsel’s appearances as "limited,” but the court noted that there would have been no reason for his first counsel to withdraw due to a conflict of interest if he had not intended to represent the defendant at trial. Darby, 744 F.2d at 1521 n. 5.