UNITED STATES of America

v.

**CUONG HUY PHAM, et al.**

No. 4:05–CR–056–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

April 28, 2005.

J. Michael Worley, U.S. Attorney's Office, Fort Worth, TX, for plaintiff.

Paul G. Belew (Cuong Pham), Belew, Gonzalez, Singleton & Belew, Fort Worth, TX, Douglas C. Greene (Thuan M. Pham), Johnson, Vaughn & Heiskell, Fort Worth, TX, for defendant.

*MEMORANDUM OPINION*
and *ORDER*

MCBRYDE, District Judge.

As part of the court's initial case review, a member of the court's staff noted that the indictment in the above-captioned case against defendants, CUONG HUY PHAM ("Cuong") and THUAN M. PHAM ("Thuan"), was not filed within thirty days from the date on which Cuong and Thuan were arrested. The court has concluded that the provisions of 18 U.S.C. § 3162(a)(1) require the court to dismiss Count One of the indictment because of the untimeliness in the filing of the indictment.

## I.

### Background

On March 10, 2005, the criminal complaint against Cuong and Thuan and two other persons was filed, Cuong and Thuan were arrested and brought before the magistrate judge for initial appearance, and the magistrate judge signed orders directing that they be held in custody by the United States Marshal pending a March 14, 2005, hearing on a motion for pretrial detention the government filed on March 10. The indictment was not filed until April 13, 2005. It charged Cuong and Thuan in Count One with having committed on or about March 9, 2005, the offense of conspiracy to distribute 3, 4–methylenedioxymethamphetamine, a Schedule I controlled substance, ("MDMA") in violation of 21 U.S.C. § 846, and in Count Two with possession on March 9 with intent to distribute MDMA, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The offense charged by the first count is the same offense alleged in the criminal complaint that was filed March 10.

Because of the court's concern that it was obligated by the provisions of § 3162(a)(1) to dismiss Count One of the indictment, the court signed an order on April 20, 2005, informing the parties of that concern and ordering that each party file by April 25 a brief discussing that party's position as to whether Count One of the indictment must be dismissed and whether the dismissal, if any, should be with prejudice. The parties responded in a timely manner.[1]

Both defendants urged the court to dismiss the indictment with prejudice.[2] The government's response argues that the filing of the indictment was timely because the time that elapsed between the filing by the government of its motion for pretrial detention on March 10 and the hearing and ruling on that motion on March 14 should not be counted, citing as authority 18 U.S.C. § 3161(h)(1)(F). Alternatively, the government urges that if there is a dismissal it should be only of the Count One conspiracy offense, which had been charged in the complaint, and that the dismissal should be without prejudice to reprosecution as to the dismissed count.

## II.

### Analysis

Title 18 U.S.C. § 3161(b) provides, in pertinent part, that "[a]ny ... indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested ... in connection with such charges." By the terms of 18 U.S.C. § 3161(h), certain time periods are excluded from the calculation to determine if the indictment was timely filed. The tolling provision upon which the government relies reads:

> The following periods of delay shall be excluded in computing the time within which ... an indictment must be filed, ...:

1. No response was filed in the name of Thuan, but the attorney shown as his attorney of record, Douglas C. Greene, filed a response that recited it was the response of Cuong. The court is assuming that the response attorney Greene filed was intended to be on behalf of his client.

2. Actually, the document filed by attorney Greene in the name of Cuong (presumably intended to be filed on behalf of Thuan) urges the court to dismiss the complaint rather than the indictment. The court assumes that attorney Greene really had in mind asking the court to dismiss the indictment against his client and through error said that he wanted the court to dismiss the complaint against Cuong.

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

.    .    .    .    .

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion . . . .

And, 18 U.S.C. § 3162(a)(1) directs that:

If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment . . . is filed within the time limit required by section 3161(b) as extended by section 3161(h) . . ., such charge against that individual contained in such complaint shall be dismissed . . . .

■ Cuong argues that the time lapse between the filing of and the hearing on the motion for pretrial detention cannot toll the thirty-day period for the filing of the indictment because the motion did not cause any delay in the return of the indictment. The court agrees. There is no reasonable reading of § 3161(h)(1)(F) that would support a conclusion that the mere filing and pendency of the motion tolls the thirty-day time period. Rather, the words Congress used make clear that a motion will have a tolling effect only if the late filing of the indictment results from the filing and pendency of the motion.

The court recognizes that the court's conclusion relative to tolling arguably is at variance with decisions of courts of other circuits. See, e.g., United States v. Vogl, 374 F.3d 976, 985 n. 10 (10th Cir.2004); United States v. Tranakos, 911 F.2d 1422, 1426 (10th Cir.1990). On the other hand, there are circuit court decisions that favor Cuong's argument that for there to be a tolling there must be causation between the filing and pendency of the motion and the delay. See United States v. Gambino, 59 F.3d 353, 359 (2d Cir.1995); United States v. Clymer, 25 F.3d 824, 830–31 (9th Cir.1994). The court adds that there are opinions of the United States Court of Appeals for the Fifth Circuit in which the Fifth Circuit seemed to assume that tolling applies by reason of the filing and pendency of a pretrial motion even though there is no proof of causation between the motion and the failure to comply with the applicable Speedy Trial Act deadline. See, e.g., United States v. Calle, 120 F.3d 43, 45 (5th Cir.1997); United States v. Neal, 27 F.3d 1035, 1042 (5th Cir.1994); United States v. Castellano, 848 F.2d 63, 65–66 (5th Cir.1988). But, so far as the court has been able to determine, the Fifth Circuit has never ruled on this issue.

Most of the Speedy Trial Act cases deal with the lapse of time between the filing date of the indictment and the date of trial, which is the subject matter of 18 U.S.C. § 3161(c)(1). A reasonable argument can be made that a delay-of-trial problem should be handled differently than a delay-of-indictment problem. The filing and pendency of motions invariably will consume time that the court and parties otherwise would devote to preparation for trial, but there seldom would be a case when a motion filed prior to the return of the indictment could be a factor in the late filing of the indictment. However, the court notes that in United States v. McCusker, the Fifth Circuit said that the same tolling rule applies to the seventy-day trial clock and the thirty-day indictment clock. 936 F.2d 781, 783 (5th Cir. 1991).

The only Fifth Circuit opinions the court has found that discuss the causation issue are the two opinions in United States v. Bigler, 810 F.2d 1317 (5th Cir.1987) and 817 F.2d 1139 (5th Cir.1987). In the first Bigler opinion, the Fifth Circuit explained:

The government contends that the entire period that the motion to dismiss

was pending should be excluded. The Act states, however, only that "delay resulting from [a] pretrial motion" is excludable. The government offers no reason why Bigler's Speedy–Trial–Act motion caused any delay in trial, or, in the language of the statute, why there was any delay "resulting from" the motion. The trial date had been set for March 5 before the motion was filed, and the trial was not postponed for purposes of disposing of the issues Bigler raised. In fact, the conditional plea was accepted before the district court actually ruled on the motion.

Because it is of little consequence in this case whether the government is entitled to exclusion of the period during which Bigler's motion was pending, we pretermit deciding that question.

810 F.2d at 1321. In the opinion on rehearing, the Court noted that the government was persisting in its contention that the period during which the motion was pending was excludable. The government called to the Fifth Circuit's attention decisions from other circuits that supported the government's position, as well as the Supreme Court's decision in *Henderson v. United States*, 476 U.S. 321, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986), and the Fifth Circuit's decision in *United States v. Horton*, 705 F.2d 1414 (5th Cir.1983), both of which the government contended stood for the proposition that there is no causation requirement in § 3161(h)(1)(F). In the course of reiterating its declination to decide the causation issue, the Fifth Circuit stated in the opinion on rehearing that:

Several of the cases the government has cited do conclude that any time a pretrial motion is pending is automatically excluded without regard to whether the

motion had—or could have had—any effect on the actual trial date. The holding of these cases, however, is significantly broader than the result dictated by *Henderson v. United States* and *United States v. Horton*. *Henderson* and *Horton* discussed the narrower issue of whether exclusion is "automatic" in the sense that it applies without the requirement that the government prove that all of the resulting delay was reasonable—i.e., delay is excludable without a vigorous inquiry into whether all of it is really necessary and, therefore, really "caused by" the motion. Because, in order to decide this case, we need not determine whether to follow the lead of the Second Circuit and extend the rationale of *Henderson* and *Horton* to cases in which a pretrial motion patently has caused no delay in trial, we adhere to our previous decision to reserve judgment on that question until it is directly presented.

817 F.2d at 1141 (footnotes omitted). The court's research indicates that the causation question has yet to be directly decided by the Fifth Circuit.

While the court does not purport to make a ruling that would be applicable to all pretrial motions, the court is satisfied that Congress never intended that, absent proof that the filing and pendency of the motion prevented the timely return of the indictment, there would be a tolling of the statutory thirty-day period by reason of the pendency of a motion by the government seeking to cause the defendant to be kept in custody. If the court were to permit tolling under such a circumstance, such a ruling would go directly against one of the objectives of the Speedy Trial Act— to expedite disposition of the criminal case while the defendant is in pretrial custody.[3]

---

**3.** At the March 14, 2005, detention hearing, Cuong and Thuan were ordered detained pending trial.

The court agrees with both of the government's alternative positions—the dismissal should be only of the Count One conspiracy offense and should be without prejudice to reprosecution as to the dismissed count. The wording of 18 U.S.C. § 3162(a)(1) (that "such charge against that individual contained in *such complaint* shall be dismissed") seems to make clear that the dismissal does not extend to any offense charged in the indictment that was not charged in the complaint. The Fifth Circuit so held in *United States v. Giwa*, 831 F.2d 538, 541 (5th Cir.1987). As to whether the dismissal should be with or without prejudice, the court, after having considered the factors mentioned in 18 U.S.C. § 3162(a)(1) has concluded that the dismissal should be without prejudice. The part of § 3162(a)(1) pertinent here reads as follows:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

The offense charged by Count One of the indictment is serious enough that the government should be permitted to reinstitute prosecution and pursue it in a legally appropriate manner. The fact that the filing of the indictment was only a few days late favors a dismissal without prejudice. If a reprosecution would be viewed to have an impact on the administration of the Speedy Trial Act or on the administration of justice, the impact would be so slight as to be insignificant.

### III.

#### *Order*

For the reasons given above,

The court ORDERS that Count One of the indictment filed in the above-captioned case on April 13, 2005, be, and is hereby, dismissed as to Cuong and Thuan without prejudice to reprosecution.