**UNITED STATES of America**

v.

**Horris Bernard GREEN.**

**No. 3:06CR104TSL–JCS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 27, 2006.

H. Colby Lane, U.S. Attorney's Office, Jackson, MS, for United States of America.

*MEMORANDUM OPINION
AND ORDER*

TOM S. LEE, District Judge.

This cause is before the motion of defendant Horace Green to dismiss under the Speedy Trial Act. The government opposes the motion, and the court, having considered the parties' memoranda, concludes that the motion is not well taken and is due to be denied.

On June 26, 2006, Green was charged in this court in a four-count indictment based on allegations of fraud involving an application for Red Cross assistance following Hurricane Katrina and the presentment of a false social security card in connection with his application for assistance. Green, who had been held in the Hinds County Detention Center since his September 11, 2005 arrest, was arraigned on the federal charges on July 28, 2006 and had a detention hearing on August 1, 2006. On August 29, 2006, the court denied defendant's motion to dismiss for pre-trial delay, concluding that the delay in indicting Green was not attributable to a failure on the federal government's part.

On October 30, 2006, the government moved for a special trial setting. According to the government, sixty-two days of

the seventy-day period prescribed by the Speedy Trial Act, 18 U.S.C. § 3161, had elapsed, and therefore, in order to comply with the Act, the trial of this matter should be set within eight days of the disposition of its motion. That is, the government takes the position that the filing and pendency of its pre-trial motion for a special trial setting tolls the seventy-day period.

In response to the government's motion and by his motion to dismiss, filed on November 8, 2006, Green urges that the filing of the government's motion for a special trial setting did not toll the seventy-day period and as such, Green's trial, in order to comply with the Speedy Trial Act, was due to have commenced on or before November 7, 2006. According to Green, the failure of the trial to commence on or before November 7, 2006, necessitates the dismissal of the indictment against him.

Pursuant to § 3161(c)(1), the trial of a defendant charged in an indictment must commence within seventy days of the filing of the indictment, or from the date that the defendant appeared before a judicial officer of the court. Under § 3161(h), certain periods of delay are excluded from computing the time within which a trial must be commenced. As is relevant here, § 3161(h)(1)(F) provides that "delay *resulting* from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" should be excluded in calculating the period within which the trial must commence. (emphasis added).

Green urges that inasmuch as the government has not purported to demonstrate and, in fact, cannot demonstrate that its motion for a special setting "result[ed]" in any pre-trial delay, the motion cannot, under the language of § 3161(h)(1)(F), "operate to toll the speedy trial clock." In support of his position, Green cites dicta from *United States v. Bigler*, 810 F.2d 1317 (5th Cir.1987). In *Bigler*, the Fifth

Circuit declined to determine whether all pre-trial motions toll the seventy-day period, but did observe, in dicta, that

> [t]he government contends that the entire period that the motion to dismiss was pending should be excluded. The Act states, however, only that "delay resulting from [a] pretrial motion" is excludable. The government offers no reason why Bigler's Speedy–Trial–Act motion caused any delay in trial, or, in the language of the statute, why there was any delay "resulting from" the motion.

*Id.* at 1321.

In response to this argument, the government maintains that, as dicta, *Bigler* does not require it to demonstrate that its motion caused any pre-trial delay. It further contends that the legislative history of the Speedy Trial Act clearly shows that Congress did not intend to "saddle" it with the burden of proving a causal relationship between one proceeding and any delay in bringing a defendant to trial. According to the government, to require it to prove delay would contravene not only the Supreme Court's ruling in *Henderson v. United States*, 476 U.S. 321, 323, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986) (describing the tolling of the "speedy trial clock" under § 3161(h)(1)(F) as "automatic"), but also the reasoning of numerous court of appeals which have had the opportunity to consider the issue. *See, e.g., United States v. Titlbach*, 339 F.3d 692, 698 (8th Cir.2003); *United States v. Miles*, 290 F.3d 1341, 1350 (11th Cir.2002); *United States v. Salimonu*, 182 F.3d 63, 68 (1st Cir.1999); *United States v. Parker*, 30 F.3d 542, 548–49 (4th Cir.1994); *United States v. Arbelaez*, 7 F.3d 344, 347 (3d Cir.1993); *United States v. Montoya*, 827 F.2d 143, 151 (7th Cir.1987); and *United States v. Wilson*, 835 F.2d 1440, 1443 (D.C.Cir.1987).

Having considered the parties' arguments, the court is persuaded by the

weight of authority of the courts of appeals which have interpreted *Henderson* to require "automatic" exclusion of the period in which pre-trial motions are pending. In this regard, the court's decision is not inconsistent with the majority decision in *Bigler.* In its decision denying the government's motion for rehearing, the majority concluded that it need not in order to decide the case "determine whether to follow the lead of the Second Circuit and extend the rationale of *Henderson* and *U.S. v. Horton,* [705 F.2d 1414 (5th Cir. 1983)] to cases in which a pretrial motion patently has caused no delay in the trial." Instead the majority expressly reserved "judgment on that question until it [was] directly presented." *Bigler,* 817 F.2d at 1139.

Moreover, the court's decision in this case is consistent with the dissenting opinion on the denial of the government's motion for a rehearing. Specifically, in her dissent, Judge Edith Jones cited favorably *United States v. Keefer,* 799 F.2d 1115, 1122 (6th Cir.1986), a Sixth Circuit decision interpreting *Henderson.* In *Keefer,* the Sixth Circuit found *Henderson* to require "automatic exclusion of '[a]ll of the time from the filing of appellant's pre-trial motions until the hearing thereon.'" *Bigler,* 817 F.2d at 1139 (Jones, E., *dissenting) (citing Keefer,* 799 F.2d at 1122).

Here, the government's October 30, 2006 motion for a special trial setting automatically tolled the seventy-day period during the pendency of the motion. Defendant's November 8, 2006 motion to dismiss is premature and, for this reason, will be denied.

Based on the foregoing, it is ordered that defendant's motion to dismiss is denied.

SO ORDERED.