**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose LOPEZ–ESPINDOLA,
Defendant–Appellant.**

**No. 79–1816.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 1980.

Decided Nov. 10, 1980.

---

Robert B. Royal, Yakima, Wash., for defendant–appellant.

James J. Gillespie, U.S. Atty., Robert S. Linnell, Asst. U.S. Atty., Yakima, Wash., for plaintiff–appellee.

Before KILKENNY and SNEED, Circuit Judges, and CROCKER, District Judge.*

KILKENNY, Circuit Judge:

Appellant was indicted, tried by a jury, and convicted on a two–count indictment charging him with: (1) violation of 8 U.S.C. § 1326 [being an alien in the United States after deportation] and (2) violation of 18 U.S.C. § 911 [making a false claim of United States Citizenship]. On appeal he argues violation of the Speedy Trial Act, 18 U.S.C. § 3161, *et. seq.* We affirm.

## PROCEDURAL BACKGROUND

Because a decision must be grounded on the procedural history as shown by the record, we list the following relevant dates:

(1) April 19, 1979–federal complaint filed, appellant arrested, appellant released on bond.

(2) April 26, 1979–appellant, with counsel, appeared at federal preliminary hearing.

(3) May 5 1979–appellant arrested in connection with state robbery charge and jailed in state facility.

(4) May 7, 1979–federal indictment filed.

(5) June 28, 1979–appellant acquitted of armed robbery charge but remained in state custody in connection with probation revocation proceedings.

(6) August 31, 1979–appellant arraigned on indictment and entered pleas of not guilty.

(7) September 3, 1979–appellant released from state custody.

(8) September 18, 1979–government moved to exclude from the computation of time under the Speedy Trial Act, the period from May 5, the day of appellant's arrest on the state charge, to September 3, the day of his release from state custody (122 days). *Ex parte* order granting motion entered.

*The Honorable Myron D. Crocker, United States District Judge for the Eastern District of California, sitting by designation.

(9) October 29, 1979–jury selection.

(10) November 1, 1979–appellant's motion to dismiss urging violation of Speedy Trial Act. Denial of motion trial resulted in verdicts of guilty on each count.

(11) December 3, 1979–appellant sentenced to one year imprisonment on each count, the terms to run concurrently.

## ISSUES

Appellant presents two issues for review:

I. Whether the 122 days during which appellant was in state custody were properly excluded under either 18 U.S.C. § 3161(h)(1) or (3), and;

II. If the 122 days were not properly excluded, whether dismissal is required by 18 U.S.C. § 3162(a)(2) and § 3163(c).

## I.

The Speedy Trial Act relevant to the time here in question, required that an arraignment be held within 10 days of the indictment or the date the defendant was held to answer and appear before a judicial officer, whichever last occurred, with trial to begin within 60 days thereafter unless the delay could be excluded under the following provisions:

"(1) Any period of delay resulting from *other proceedings* concerning the defendant, *including but not limited to* – . . .

(D) delay resulting from trial with respect to other charges against the defendant;" 18 U.S.C. § 3161(h)(1)(D). [Emphasis added]; and

"(3)(A) Any period of delay resulting from the absence or unavailability of the defendants or an essential witness." 18 U.S.C. § 3161(h)(3)(A).

Here, the appellant was indicted on May 7, 1979, but was not arraigned until August 31, 1979, and jury selection for the trial did not begin until October 29, 1979. Consequently, his speedy trial rights under the Act were violated unless a sufficient period of the delay falls within the provisions just mentioned.

1. *United States v. Morales*, 460 F.Supp. 668 (E.D.N.Y.1978), follows the Lumbard dicta.

The order of the district court excluding the 122 day period from May 5, 1979, to September 3, 1979, was based on the provisions of § 3161(h)(3)(A), *supra*. However, when the court on November 1, 1979, denied appellant's motion to dismiss it relied on § 3161(h)(1).

■ To the extent that the court relied on § 3161(h)(3)(A) in excluding the 122 day period, it was in error. That section is only applicable when a defendant's whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence. Also, under § 3161(h)(3)(B), a defendant is unavailable whenever his whereabouts are known, but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial. The government admits that at no time during the period in question, did it attempt to secure the body of the defendant by means of a federal writ of *habeas corpus ad prosequendum* or otherwise, nor does it contend that it did not know the appellant's whereabouts. Accordingly, the exclusion provisions of § 3161(h)(3)(A) are not applicable to the facts in this case.

■ As previously mentioned, the district court's denial of the motion to dismiss was based on the provisions of 18 U.S.C. § 3161(h)(1). That section controls under the particular facts of this case.

We hold that the period of time from May 5, 1979, to June 28, 1979, is excludable under § 3161(h)(1)(D) as "delay resulting from trial with respect to other charges against the defendant." Relying upon the concurring opinion of Judge Lumbard, joined in by Judge Feinberg, in *United States v. Oliver*, 523 F.2d 253, 260–262 (CA2 1975),[1] the appellant argues that § 3161(h)(1)(D) is not applicable for the reason that he was not *on trial* on other charges for the entire period from May 5, 1979, to September 3, 1979. He argues that we should adopt the Lumbard concurrence as the law of this circuit and hold that *only*

the period of time which appellant is actually on trial can be excluded under this subsection.

Needless to say, Judge Lumbard's observations are not binding on this court. His remarks read into the legislation language which is nowhere to be found. The particular subsection of the statute which sets forth the applicable excludable period reads: "*delay resulting from trial* with respect to other charges against the defendant." [Emphasis added.] It *does not* limit the time to only that period during which the defendant is in court for jury selection, testimony of witnesses, arguments to the jury, return of verdict, etc. Anyone familiar with trial practice is aware of the fact that "delay resulting from trial" not only involves the trial itself but also the period of time utilized in making necessary preparation for trial. We find that it is within the sound discretion of the trial court judge to determine that period of delay resulting from trial with respect to other charges and that on the facts of this case the exclusion of the period from May 5, 1979, to June 28, 1979, was not improper.

■ We hold that the period of time from June 28, 1979, to September 3, 1979—during which the appellant was in state custody because of probation revocation proceedings—is also excludable. We acknowledge that § 3161(h)(1) does not specifically mention probation revocation pro-

ceedings as an excludable period. The Congress provided by express language that "any period of delay resulting from other proceedings concerning the defendant, including but not limited to–[citing examples of such proceedings]" should be excluded in computing the time within which the trial must commence.[2] The "including but not limited to" language makes it clear that Congress did not intend to restrict the meaning of "other proceedings" to those specifically mentioned. We find no reason why the delay resulting from the probation revocation proceeding should not be considered excludable in the same manner as other proceedings concerning the defendant, even though this particular proceeding is not specifically mentioned. There is undoubtedly a degree of discretion involved in ascertaining the nature of *those proceedings* which fall within the "other proceedings" language of the statute. We find that the exclusion of the time during which appellant was in state custody in connection with the probation revocation proceedings was well within the discretion afforded the trial judge.

The *Lumbard* approach would place an extremely heavy burden on the district court. The government would be required under all circumstances to keep the district court informed of how expeditiously the state court proceedings were progressing. We do not mean to say that the govern-

---

**2.** The proceedings which the statute lists as illustrative of "other proceedings" are:

"(A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;

"(B) delay resulting from any proceeding, including any examination of the defendant, pursuant to section 2902 of title 28, United States Code;

"(C) delay resulting from deferral of prosecution pursuant to section 2902 of title 28, United States Code;

"(D) delay resulting from trial with respect to other charges against the defendant;

"(E) delay resulting from any interlocutory appeal;

"(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

"(G) delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;

"(H) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;

"(I) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government; and

"(J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1).

ment is not required to exercise a reasonable scrutiny over the progress of the state court proceedings. We simply hold that the district court did not abuse its discretion on the facts before us. To apply the *Lumbard* guidelines might well set the stage for the disruption of pretrial preparations, discovery, plea negotiations, motions and hearing dates in the state proceedings. Congress never intended any such result.

 It is our considered judgment that it is only in exceptional cases that a federal court should exercise a discretion to interfere with criminal proceedings in the state court.[3] Those courts have very important interests in the expeditious administration of their own criminal justice systems. It is clear that Congress recognized those interests in the Speedy Trial Act when it allowed for the exclusion of the delay resulting from such proceedings. The standards employed by Judge Lumbard leave much room for unwarranted interference with state proceedings. For example, attorneys in a state proceeding might well be working on discovery or a negotiated settlement which would not appear in the state records. In such a case, the federal prosecutors or the district court might feel compelled, under the *Lumbard* approach, to subpoena the defendant for the federal prosecution, thereby interrupting, and possibly destroying, the state courts power to go forward. To say that the federal decision would be subject to review in no way eliminates the evil to be avoided. The review itself could well compound the delay and the interference with the proceedings of another sovereign.

The result we reach finds support in the case law. In *United States v. Allsup*, 573 F.2d 1141 (CA9 1978), *cert. denied* 436 U.S. 961, 98 S.Ct. 3081, 57 L.Ed.2d 1128 (1978), for example, we held that there was no violation of the Speedy Trial Act despite a delay of over 200 days between arraignment and the commencement of the trial.

We found no violation because the "vast majority of the delay between arraignment and trial was caused by the pendency of the bank robbery prosecution in Oklahoma." *Id.* at 1144. The defendant had undergone extensive psychiatric testing before being convicted and sentenced in Oklahoma and had also undergone time–consuming psychiatric evaluation after returning to Arizona to face the federal charges. *Allsup* clearly establishes that time other than that consumed by the actual trial in state court may be excluded.

In *United States v. Goodwin*, 612 F.2d 1103 (CA8 1980), the Eighth Circuit construed § 3161(h)(1) in a fashion more in consonance with our approach than that of Judge Lumbard. There the court held that there was no Speedy Trial Act violation because "[d]uring the time period in question Goodwin was in the custody of the Omaha police ... awaiting trial with respect to armed robbery charges against him." *Id.* at 1105.

Inasmuch as the statute recognizes as excludable delay resulting from the state court trial on other charges and that delay is not expressly or impliedly limited to that delay arising from the actual trial, we hold that the district court did not abuse its discretion in excluding the entire period in question. We find no reason why the delay resulting from the probation revocation proceeding should not be considered excludable in the same manner as any other proceeding concerning the defendant.[4] That the district court judge cited the wrong provision in excluding the time in its September 18, 1979, order is of no consequence. He utilized the appropriate section in denying the motion to dismiss.

## CONCLUSION

In light of our conclusion as above expressed, we need not address the second issue raised by appellant. The conviction should be affirmed.

IT IS SO ORDERED.

---

3. *Cf. Cline v. State of Montana*, 394 F.Supp. 803 (D.C.Mont.1975).

4. *Cf. United States v. Martin*, 587 F.2d 31 (CA9 1978), *cert. denied, Martin v. United States*, 440 U.S. 910, 99 S.Ct. 1222, 59 L.Ed.2d 459 (1979) (a delay of six months).