UNITED STATES of America, Appellee,

v.

Margarita Marie Davis
VELASQUEZ, Appellant.

UNITED STATES of America, Appellee,

v.

Fernando Arango
GONZALEZ, Appellant.

Nos. 85–5217(L), 85–5218.

United States Court of Appeals,
Fourth Circuit.

Argued June 6, 1986.

Decided Oct. 1, 1986.

Stuart R. Blatt, Michael E. Marr (Marr & Bennett, on brief), for appellants.

John G. Douglass (Breckinridge L. Willcox, U.S. Atty., Mark A. Berthiaume, Katharine J. Armentrout, Asst. U.S. Attys., on brief), for appellee.

Before MURNAGHAN and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

ERVIN, Circuit Judge:

Margarita Marie Davis Velasquez and Fernando Arango Gonzalez appeal their convictions on various federal drug-related charges. Specifically, they were convicted of two counts of conspiracy to distribute, and to possess with intent to distribute, cocaine in violation of 21 U.S.C. § 841(a)(1); one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1); six counts of use of a communication facility to facilitate the distribution of cocaine in violation of 21 U.S.C. § 843(b); and two counts of interstate travel with the intent to promote a conspiracy to distribute cocaine in violation of 18 U.S.C. § 1952. We conclude that defendants were not tried in violation of the Speedy Trial Act, 18 U.S.C. § 3161–3174, and were not entitled to a jury instruction on their entrapment defense. Accordingly, we affirm.

Defendants were indicted on March 20, 1985. They filed several pretrial motions on April 9, April 15 and May 22. At a hearing on May 29, the motions not already withdrawn by defendants were denied as moot by the district court. On June 3, the first day of trial and 75 days after defendants' indictment, defendants moved to dismiss because they had not been tried within 70 days of their indictment as required by the Speedy Trial Act. *See* 18 U.S.C. § 3161(c)(1). The district court excluded the time from the filing of the pretrial motions to their disposition at the May 29 hearing in calculating the 70–day period. With this time excluded, defendants were tried within the limits of the Speedy Trial Act, and therefore, the district court denied the motion to dismiss. The court also denied defendants' request for a jury instruction on their defense of entrapment. This appeal followed.

### I.

▮ In calculating the 70–day limitation of the Speedy Trial Act, certain periods are excludable. Section 3161(h)(1)(F) provides:

(h) The following periods of delay shall be excluded in computing the time within which ... the trial ... must commence:

(1) Any period of ...

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion. ...

Defendants argue that the district court erred in automatically excluding all of the period from the filing of the motions to the hearing. Instead, defendants argue that the district court should have excluded only that period of delay which was actually "caused" by the motions. *See* § 3161(h)(1)(F) (*"delay resulting from* any pretrial motion"*) (emphasis added).

We have not had an occasion to address this issue. However, the "causation" argument has been rejected by every circuit that has considered it. *See United States v. Cobb,* 697 F.2d 38, 42 (2d Cir.1982); *United States v. Novak,* 715 F.2d 810, 813

(3d Cir.1983), *cert. denied,* 465 U.S. 1030, 104 S.Ct. 1293, 79 L.Ed.2d 694 (1984); *United States v. Brim,* 630 F.2d 1307, 1311–12 (8th Cir.1980), *cert. denied,* 452 U.S. 966, 101 S.Ct. 3121, 69 L.Ed.2d 980 (1981); *United States v. Van Brandy,* 726 F.2d 548, 551 (9th Cir.), *cert. denied,* 469 U.S. 839, 105 S.Ct. 139, 83 L.Ed. 79 (1984); *United States v. Stafford,* 697 F.2d 1368, 1371–72 (11th Cir.1983). Furthermore, this interpretation of § 3161(h)(1)(F) now appears compelled by the Supreme Court's recent decision in *Henderson v. United States,* —— U.S. ——, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986).

In *Henderson,* the Supreme Court addressed the interpretation of § 3161(h)(1)(F) regarding a related issue of "whether that exclusion is limited to reasonably necessary delays." —— U.S. at —— 106 S.Ct. at 1872, 90 L.Ed.2d at 304. The Court rejected the position that only delays that are "reasonably necessary" to hear pretrial motions are excluded under § 3161(h)(1)(F). Instead, the Court held that: "Congress intended subsection (F) to exclude from the Speedy Trial Act's 70–day limitation *all time* between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary'." *Id.,* —— U.S. ——, 106 S.Ct. at 1872, 90 L.Ed.2d at 309 (emphasis added).

The issue of whether a court should inquire as to whether delay was actually caused by the motions was not addressed by the Court in *Henderson.* However, given the Court's ruling in that case that "all time" is to be excluded, the causation argument must also be rejected under § 3161(h)(1)(F).

Accordingly, the district court did not err in excluding the period from the filing of the pretrial motions to the hearing. Thus, defendants were not tried in violation of the Speedy Trial Act.

### II.

Defendants also argue that it was reversible error for the district court to re-

fuse to give an entrapment defense instruction. In support, they contend that they presented sufficient evidence to require that an entrapment instruction be given. That evidence was testimony from defendant Gonzalez that Edward Rooney, an unindicted coconspirator and government cooperator,[1] telephoned defendants over thirty times to "suggest" that Gonzalez acquire cocaine for Rooney before they acquiesced. *See* Joint Appendix at 35–37.

> [E]ntrapment is an affirmative defense and ... the "initial burden is on defendant to go forward with some evidence, more than a scintilla, that the government or its agents induced him to commit the offense." "If a defendant fails to carry the burden on the issue of entrapment forward, he is not entitled to submission of the issue to a jury."

*United States v. Perl*, 584 F.2d 1316, 1321 (4th Cir.1978) (citations omitted), *cert. denied*, 439 U.S. 1130, 99 S.Ct. 1050, 59 L.Ed.2d 92 (1979); *see United States v. Hunt*, 749 F.2d 1078, 1084–85 (4th Cir. 1984), *cert. denied*, — U.S. —, 105 S.Ct. 3479, 87 L.Ed.2d 614 (1985); *United States v. DeVore*, 423 F.2d 1069, 1071 (4th Cir. 1970), *cert. denied*, 402 U.S. 950, 91 S.Ct. 1604, 29 L.Ed.2d 119 (1971); 2 C. Wright, *Federal Practice and Procedure* § 403, at 420 and § 495, at 766–67 (1982).

■ The phone calls alleged by defendants are evidence of solicitation by the government. This court previously has addressed whether such evidence satisfies a defendant's burden of production to show inducement. In *DeVore*, 423 F.2d at 1071, we stated: "A showing of solicitation alone, however, will not suffice to place the burden of going forward with the evidence on the government, since solicitation by itself is not the kind of conduct that would persuade an otherwise innocent person to commit a crime." Furthermore, the court concluded: "There was only solicitation— the providing of opportunity. With no more than this, [defendant] was not entitled to a jury instruction on the issue." *Id.* at 1072 (defendant doctor's evidence showed that he was twice solicited by government before agreeing to sell drugs). Defendants here only produced evidence of solicitation on the issue of inducement. Under *DeVore*, that is not enough to show inducement, and thus, make entrapment a question for the jury.[2] Accordingly, an entrapment defense instruction was not warranted.

AFFIRMED.

---

**1.** In *United States v. Perl*, 584 F.2d 1316, 1321 (4th Cir.1978), *cert. denied*, 439 U.S. 1130, 99 S.Ct. 1050, 59 L.Ed.2d 92 (1979), we held that: "a defendant, in order to assert the defense of entrapment in a federal prosecution, must produce evidence of government involvement in the scheme to entrap." Here, we assume without deciding that Rooney's alleged conduct constituted "government involvement".

**2.** The government's burden of proving that defendant was "predisposed" to commit the crime arises only after defendant produces evidence of inducement. *See Hunt*, 749 F.2d at 1084–85; *DeVore*, 423 F.2d at 1072; C. Wright, *supra*, § 403, at 421.