818 F.2d 30
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth L. J. MCCRAY, Defendant-Appellant.
 No. 86-5081.
 United States Court of Appeals, Fourth Circuit.
 Argued April 6, 1987.
Decided April 28, 1987.
 
 Michael John Cox, Assistant Federal Public Defender, for appellant.
 Eric Ruschky, Assistant United States Attorney (Vinton D. Lide, United States Attorney, on brief), for appellee.
 Before RUSSELL and HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Kenneth L. J. McCray appeals from a judgment convicting him of violations of federal law involving stealing from the mail, receiving, and uttering forged United States Treasury checks. McCray claims that he was not brought to trial within the time required by the Speedy Trial Act, 18 U.S.C. Sec. 3161(h)(1)(F). The sole issue on appeal is whether the time attributable to the government's motion for reciprocal discovery should be excluded from trial time. Finding no violation of the Speedy Trial Act, we affirm the judgment of the district court.
 
 
 2
 In Henderson v. United States, 476 U.S. ----, 106 S. Ct. 1871, 1876 (1986), the Supreme Court held, with respect to motions that require a hearing, that Sec. 3161(h)(1)(F) excludes "from the Speedy Trial Act's 70-day limitation all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.' "
 
 
 3
 McCray argues that it was unreasonable to exclude from the speedy trial limitation the time between February 21, 1985, when the government filed a motion for reciprocal discovery, and April 19, 1985, when the original indictment and a superseding indictment were dismissed.* He claims that the government's motion for reciprocal discovery was not a motion, but if it was, it did not require a hearing and therefore the exclusion should not apply.
 
 
 4
 The district court found that the government's motion for reciprocal discovery was properly filed because McCray received it by February 21 without objection and because McCray himself had filed a discovery motion. The government had complied, though this was done informally through the government's open file policy. The district court considered that McCray's request for discovery activated or validated the government's request for reciprocal discovery under Federal Rule of Criminal Procedure 16(b).
 
 
 5
 McCray next argues that the government's motion for reciprocal discovery required no hearing and that the motion allowed the prosecutor to extend the time for trial at his whim. Under the Speedy Trial Act, the prosecutor may not extend the excludable time at his whim if the appellant responds promptly to the government's pretrial motions. The district court held, however, that the government's reciprocal discovery motion was outstanding and would have been heard, had the indictment not been dismissed at the pretrial conference.
 
 
 6
 In United States v. Bufalino, 683 F.2d 639, 645-46 (2d Cir. 1982), the court found a period of almost seven months excludable while the government's motion to sequester the jury was pending because the defendant had not responded to the motion. in this case, as in Bufalino, the appellant controlled the exclusion of speedy trial time by his response to the motion. McCray's counsel stated at hearings on November 27 and December 13 that he had nothing to disclose and had probably told the government so. However, he was unable to state exactly when he did this. Furthermore, he notified neither the court nor the Speedy Trial coordinator that he had responded to the reciprocal discovery motion. Consequently the court could not fix a date on which the reciprocal discovery motion had been disposed of and considered it still pending on April 19, 1985.
 
 
 7
 The district court correctly ruled that because the government's motion for reciprocal discovery was a valid, outstanding motion that required disposition by a hearing, the time between February 21 and April 19 was properly excludable under Sec. 3161(h)(1)(F). See Henderson, 476 U.S. at 1876; United States v. Velasquez, 802 F.2d 104 (4th Cir. 1986).
 
 
 8
 AFFIRMED.
 
 
 
 *
 On September 11, 1985, a new superseding indictment was returned