829 F.2d 37
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harlan RIDER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
John NISWANDER, Defendant-Appellant.
 Nos. 86-5185(L), 86-5186
 United States Court of Appeals, Fourth Circuit.
 Argued June 5, 1987.
Decided August 24, 1987.
 
 Richard William Winelander; Benjamin Arthur Neil for appellants.
 Stephen Matthew Schenning, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney; Carmina S. Hughes, Assistant United States Attorney, on brief), for appellees.
 Before HARRISON L. WINTER, Chief Judge, and SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendants Rider and Niswander were convicted of conspiracy to possess cocaine with intent to distribute and several charges of possession with intent to distribute. They appeal, contending that their rights under the Speedy Trial Act were violated, that the district court committed reversible error in an evidentiary ruling, that it was reversible error as to Niswander not to grant him an ex parte hearing on his need for an appointment of an interpreter, that Niswander's ability to cross-examine a government witness was impermissibly restricted, and that the district court improperly denied a motion for a mistrial because the government proved multiple conspiracies when the indictment charged a single conspiracy.
 
 
 2
 We see no merit in any of these contentions. We affirm the judgments of conviction.
 
 
 3
 Defendants' contention that they were denied a speedy trial is predicated on the theory that the time during which two motions were undecided--motions for sequestration of government witnesses and for additional peremptory challenges--should not be excluded from computation of the maximum period for a mandatory trial date. We disagree. All time between the filing of a motion and decision of it is to be excluded in computing the Act's 70-day limit. Henderson v. United States, 476 U.S. ----, 90 L.Ed.2d 299, 309 (1986); U.S. v. Velasquez, 802 F.2d 104, 105 (4 Cir. 1986). When we exclude the time in which these two motions were pending and undecided, defendants were tried within the period required under the Act.
 
 
 4
 The district court declined to admit into evidence a memorandum prepared by a government agent, containing statements made to him by an unindicted coconspirator. The memorandum was offered by Rider. The government lodged no objection, but the memorandum was excluded on the objection of Niswander because it was allegedly hearsay. Although we incline to the view that the memorandum was admissible as an aid to impeachment of the coconspirator, the error in excluding it, if any, was harmless, because both the agent and the coconspirator testified and were fully interrogated about the contents of the memorandum.
 
 
 5
 While the district court should have conducted a hearing, pursuant to 18 U.S.C. Sec. 3006A(e), on Niswander's reguest for the appointment of an expert to testify about Niswander's inability to understand written English, subsequent proceedings establish that any error in this regard was harmless. Niswander's assertion that he was unable to understand written English arose with respect to whether he had knowingly, and thus voluntarily, waived his Miranda rights so as to render admissible incriminating statements made after he was advised of his rights. At a suppression hearing, there was evidence adduced to support fully the district court's finding that 'all parties, including Mr. Niswander, testified that Mr. Niswander indicated that he understood his Miranda rights as they were being read to him . . ..' Niswander's inability to read English thus had no bearing on his ability to understand his rights as read aloud to him, and knowledgeably to waive them.
 
 
 6
 The contention that cross-examination of a government witness was unduly restricted is grounded upon a ruling in limine that, if Niswander sought to interrogate a government agent as to how the agent knew that Niswander knew of his Miranda rights, the agent, as part of his answer or on redirect, could testify about Niswander's previous arrests and experience with asserting or waiving his Miranda rights. After the ruling, counsel did not pursue his proposed line of questioning. By this ruling, we perceive no denial of Niswander's right to cross-examine. His counsel made a strategic choice, and this is not tantamount to a denial of a Sixth Amendment right. See United States v. Hines, 696 F.2d 722, 731 (10 Cir. 1982).
 
 
 7
 Finally, we seen no error in denial of the motion for a mistrial on the ground that the government's evidence established the existence of two conspiracies. The issue of a single versus multiple conspiracies was a question for the jury under proper instructions. Moreover, the evidence of a second (marijuana) conspiracy was offered only to prove motive and intent, and the jury could be properly instructed to consider the evidence only for this limited purpose.
 
 
 8
 AFFIRMED.