836 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Horace M. ARNOLD, Defendant-Appellant.
 No. 87-5513.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 6, 1987.
Decided Dec. 30, 1987.
 
 Harvey Greenberg, Lori Simpson on brief for Appellant.
 Breckinridge L. Willcox, United States Attorney, E. Thomas Roberts, Assistant United States Attorney.
 Jane F. Barrett, Assistant United States Attorney on brief, for appellee.
 Before K.K. HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Harold Arnold appeals the district court's denial of a jury instruction on the defense of entrapment at his trial on drug-related charges. We affirm.
 
 
 2
 In June of 1986, a federal grand jury returned an indictment against Arnold charging him with violation of 21 U.S.C. Sec. 843(b) and Sec. 848(a)(1) (conspiracy to distribute and unlawful distribution of cocaine). Arnold entered a plea of not guilty and was brought to trial in November of 1986. The jury returned a verdict of guilty as to both counts of the indictment on which the government had proceeded and Arnold was eventually sentenced to a total term of imprisonment of two years, a three-year special parole term, plus a mandatory special assessment of $100.
 
 
 3
 On appeal, Arnold contends that he has met his initial burden of presenting some evidence that the government induced him to commit the offense charged and that he was entitled to a jury instruction regarding his affirmative defense of entrapment. Arnold also claims that the trial court improperly refused to allow him to present evidence of his lack of predisposition to commit the offense. We disagree with both contentions.
 
 
 4
 Entrapment is an affirmative defense which requires a showing of both that the government induced the defendant to commit the criminal act, and that the defendant lacked the predisposition to commit such crime. United States v. Hunt, 749 F.2d 1078 (4th Cir. 1984). Without such a showing the defendant is not entitled to an entrapment instruction. United States v. DeVore, 423 F.2d 1069 (4th Cir. 1971). In United States v. Velasquez, 802 F.2d 104 (4th Cir. 1986), this Court held that evidence of mere solicitation by a government agent does not satisfy the defendant's burden.[1] Arnold presented no evidence of inducement other than three telephone calls made by the government's informant, Jeffrey Goldsborough. It is clear under the past decisions in this Court that this was not sufficient evidence to make entrapment a question for the jury.
 
 
 5
 We also find no merit in Arnold's contention that the trial court erred in refusing to allow him to present evidence of his lack of predisposition. Defendant must first show that the government induced him to commit the criminal act in order to be allowed to show a lack of predisposition to commit the crime of which he was accused. Arnold failed to produce any evidence of inducement. Absent evidence of inducement, lack of predisposition is irrelevant. Velasquez, supra. We therefore see no error in the trial court's refusal to allow testimony as to Arnold's reputation for not dealing in drugs.
 
 
 6
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Evidence that an unindicted coconspirator and government cooperator telephoned defendants over thirty times to suggest that defendants acquire cocaine for the cooperator before they acquiesced was insufficient to make entrapment a question for the jury