936 F.2d 568
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tina JEFFERSON, Defendant-Appellant.
 No. 90-5696.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 15, 1991.
Decided July 2, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert R. Merhige, Jr., Senior District Judge. (CR-89-84)
 Brent E. Bevridge, Morgantown, W.Va., for appellant.
 William A. Kolibash, United States Attorney, Robert H. McWilliams, Assistant United States Attorney, Wheeling, W.Va., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before SPROUSE and WILKINSON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Tina Jefferson appeals her conviction of distribution of cocaine within 1,000 feet of a university (21 U.S.C. Secs. 841 and 845a(a)) and the sentence she received. We affirm.
 
 
 2
 Using money supplied by Leonard Lenhart, a friend who was acting as a confidential informant, Jefferson bought cocaine from another friend who worked as a nurse at the West Virginia University Hospital and gave it to the confidential informant in the hospital parking lot. Their recorded conversation disclosed that Jefferson brought some cocaine out of the hospital and told Lenhart that more was available if he wanted it. When he said he did, she went in again and made another buy. She also told him that she could get more for him by Saturday and commented that she thought the price was a little high.
 
 
 3
 In her trial testimony, Jefferson admitted her action, but claimed that her only motive was to introduce Lenhart, who had asked her several times if she could get him some cocaine, to her dealer friend, so they could deal directly with each other. She requested a jury instruction on entrapment, but the district court refused to give it. On appeal, she contends that the judge erred in refusing the instruction.
 
 
 4
 A defendant is entitled to an instruction on any defense for which there is sufficient evidence to find in his favor. United States v. Mathews, 485 U.S. 58, 63 (1987). The principal element in the defense of entrapment is predisposition, which focuses on whether the defendant was an unwary innocent or an unwary criminal. Id. The government or its agents may provide an opportunity for a predisposed person to commit a crime, but entrapment occurs where the crime is actually the government's creation. Sherman v. United States, 356 U.S. 369, 372 (1958). Before the issue of entrapment can be submitted to the jury, the defendant must show evidence of "overreaching inducive conduct on the part of the government." United States v. DeVore, 423 F.2d 1069, 1071 (4th Cir.1970). Merely soliciting the participation of the defendant, without more, is not inducement. United States v. Velasquez, 802 F.2d 104 (4th Cir.1986).
 
 
 5
 Jefferson's admission that she had previously accepted marijuana from Lenhart and used it with him, and that she had purchased both marijuana and cocaine from her nurse friend for her own use in the past provided evidence of predisposition to commit this crime, even though it was her first distribution. In spite of her insistence that she wanted only to introduce Lenhart to her dealer friend, she never told Lenhart that she did not want to be involved in the transaction, she did not give Lenhart the friend's phone number, and Lenhart never met the friend. As the district court noted, after making the first buy she volunteered to Lenhart that more was available if he wanted it, and went back a second time for more cocaine.
 
 
 6
 Although Jefferson argues that she felt coerced by her "longstanding personal relationship" with Lenhart, the evidence revealed only a casual, if longstanding, acquaintance. She did not return the romantic interest Lenhart apparently took in her.
 
 
 7
 Because there was no evidence of overreaching by the government agent and there was evidence of Jefferson's predisposition to commit the offense, we find no error in the district court's decision not to give the entrapment instruction.
 
 
 8
 Jefferson also claims that she was entitled to a reduction in offense level for acceptance of responsibility under U.S.S.G. Sec. 3E1.1. The district court, however, found that although she had admitted her actions, she had not accepted responsibility for her actions. In order for Sec. 3E1.1 to apply, a defendant must accept responsibility for all his criminal conduct. United States v. Gordon, 895 F.2d 932, 936-37 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S.1990). This is a factual question reviewed under the clearly erroneous standard. United States v. White, 875 F.2d 427, 432 (4th Cir.1989). When given the opportunity to speak on her own behalf at the sentencing hearing, Jefferson insisted that she had not dealt drugs and had not intended to be involved with drugs, even though her friends were. On these facts, we find that the denial of the reduction was not clearly erroneous.
 
 
 9
 Finally, Jefferson argues that the district court improperly refused to depart downward on the ground of duress under U.S.S.G. Sec. 5K2.12. A decision not to depart is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S.1990). Therefore, this issue is not properly raised.
 
 
 10
 The conviction and sentence are therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.